IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Alvarado Rodriguez,<br><br>    Petitioner,<br><br>v.<br><br>Unknown Party, et al.,<br><br>    Respondents. | No. CV-25-04180-PHX-JJT (JFM)<br><br>**ORDER** |

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) Respondents[1] must show cause why the petition should not be granted.[2]

**I.  Background**

Petitioner is a citizen of Peru who entered the United States in 2022. (Doc. 1 ¶ 15.) She was arrested and detained by ICE officials on September 24, 2025. On September 29, 2025, she was issued a Notice to Appear that charged her with removability under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled and 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an immigrant who is not in possession of a valid document permitting entry. (*Id.* ¶ 47; Doc. 1 Ex. B.) On October 24, 2025, petitioner

---

[1] Petitioner names as respondents Immigrations and Customs Enforcement Phoenix Field Office Director Unknown Individual #1; U.S. Department of Homeland Security Secretary Kristi Noem; United States Attorney General Pamela Bondi; Eloy Detention Center Warden Unknown Individual #2; and Immigrations and Customs Enforcement Acting Director Todd Lyons.

[2] Petitioner also filed an emergency motion for preliminary injunction. (Doc. 2.) Because the court is directing respondents to show cause why the petition should not be granted, the court finds petitioner is not entitled to preliminary relief at this juncture. The motion is denied without prejudice.

sought a custody redetermination before an Immigration Judge. Petitioner was denied bond because the Immigration Judge classified petitioner as an "arriving alien" under § 1225(b)(2)(A) and therefore subject to mandatory detention. (*Id.* ¶ 48; Doc. 1, Ex. C.) The Immigration Judge's ruling follows a recent Board of Immigration Appeals decision in *In re Hurtado*, 29 I&N 216 (B.I.A. 2025). Under *In re Hurtado*, noncitizens present without admission are now subject to mandatory detention under 8 U.S.C. § 1225(b), rather than discretionary detention under 8 U.S.C. § 1226(a), because, under 8 U.S.C. § 1225(a)(1), they are now deemed "applicant[s] for admission." In the alternative, the Immigration Judge determined she would grant bond in the amount of $1500. (Doc. 1, Ex. C.)

Petitioner filed the instant petition challenging her classification as an arriving alien under 8 U.S.C. § 1225(b)(2)(A) as violative of 8 U.S.C. § 1226(a)(2); arguing her detention without bond also violates 8 C.F.R. § 1003.19, which does not preclude immigration judges from granting bond for being present in the United States without being admitted; and challenging her detention on due process grounds. (Doc. 1 at 16-18.) Petitioner requests release from custody or a bond hearing.

**II.     Order to Show Cause**

Petitioner identifies dozens of other district courts that have recently held that immigration petitioners present in the United States without admission are not applicants for admission under § 1225(b)(2)(A) and therefore are not subject to mandatory detention. (Doc. 1 at 10 n.1.) And another judge in this district recently reached the same conclusion. *Francisco Echevarria v. Pam Bondi, et al.,* CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282, at *9 (D. Ariz. Oct. 3, 2025). Judge Lanza specifically noted that "[g]iven that an immigrant submits an 'application for admission' at a distinct point in time, stretching the phrase 'at the time of application for admission' to refer to a period of years would push the statutory text beyond its breaking point." *Id.* at *6. Judge Lanza concluded "Respondents' narrow focus on the language of § 1225(a)(1) fails to take account of the entirety of the statutory scheme[]" and recent Supreme Court guidance. *Id.* at *9. The court

finds *Echevarria* persuasive and agrees with its conclusion that individuals like petitioner are subject to detention under § 1226 and not § 1225(b)(2)(A). Based on petitioner's allegations and exhibits, she entered this country over three years ago and was not classified as an arriving alien in her Notice to Appear. Respondents must therefore show cause why the petition should not be granted.

**IT IS THEREFORE ORDERED:**

(1) Petitioner's Ex Parte Motion for Temporary Restraining Order (Doc. 2) is **denied without prejudice**.

(2) Counsel for Petitioner must immediately serve the Petition upon Respondents.

(3) If not already issued, the Clerk's Office must issue any properly completed summonses.

(4) The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, and Theo Nickerson at theo.nickerson2@usdoj.gov.

(5) Respondents must show cause no later than **November 19, 2025** why the Petition should not be granted. Petitioner may file a reply no later than **November 21, 2025**.

Dated this 13th day of November, 2025.

Honorable John J. Tuchi
United States District Judge