IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Alvarado Rodriguez,<br><br>Petitioner,<br><br>v.<br><br>Unknown Party, *et al.*,<br><br>Respondents. | No. CV-25-04180-PHX-JJT (JFM)<br><br>**ORDER** |

Petitioner filed an Amended Petition for Writ of Habeas Corpus under § 2241 challenging her immigration detention.[1] (Doc. 12.) In its October 31, 2025 order, the Court ordered Respondents to show cause ("the OSC") why the Petition should not be granted. (Doc. 6.) The OSC is fully briefed. (Docs. 11-12.) The Petition is granted, and within seven days Respondents must release Petitioner consistent with the Immigration Judge's alternative bond determination of $1500 "or any other alternatives to detention as designated by the Department of Homeland Security."

**I.   Background**

As detailed in the OSC, Petitioner is a citizen of Peru who entered the United States in 2022. (Doc. 12 ¶ 4.) Petitioner reported for an ICE check-in on September 24, 2025 and was taken into custody. (*Id.*) She was issued a Notice to Appear alleging "she is removable for having entered without inspection or parole under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i)), and for being present in the United States without a valid

---

[1] Petitioner's Amended Petition is substantively identical to her original Petition except that it names two previously unidentified John Doe Respondents.

immigrant document under INA § 212(a)(7)(A)(i), 8 U.S.C. § 1182(a)(7)(A)(i)." (Doc. 14 at 2.) Petitioner was denied bond because the Immigration Judge classified Petitioner as an "arriving alien" under § 1225(b)(2)(A) and therefore subject to mandatory detention. (Doc. 12 ¶ 48.) The Immigration Judge alternatively determined she "would grant bond in this case in the amount of $1500, or any other alternatives to detention as designated by the Department of Homeland Security." (Doc. 1, Ex. C.)

Petitioner filed the instant petition challenging her classification as an arriving alien under 8 U.S.C. § 1225(b)(2)(A) as violative of 8 U.S.C. § 1226(a)(2); arguing her detention without bond also violates 8 C.F.R. § 1003.19, which does not preclude immigration judges from granting bond for being present in the United States without being admitted; and challenging her detention on due process grounds. (Doc. 12 at 16-18.) In the OSC, the Court observed that Petitioner's case was virtually indistinguishable from *Francisco Echevarria v. Pam Bondi*, *et al.*, CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282, at *9 (D. Ariz. Oct. 3, 2025), in which Judge Lanza determined individuals like Petitioner are governed by § 1226 and not § 1225(b)(2)(A). (Doc. 6 at 2.)

## II.     Analysis—Interpretation of 8 U.S.C. § 1225 and 8 U.S.C. § 1226

Respondents state they "acknowledge[] Judge Lanza's conclusion in *Echevarria v. Bondi*, No. 2:25-cv-03252-DWL, 2025 WL 2821282 (D. Ariz. Oct. 3, 2025), cited by this Court in its order dated November 13, 2025 (Doc. 6), and respectfully disagrees with it." (Doc. 14 at 7.) Respondents further indicate "[t]here are now at least five federal district courts that have agreed with the government's position on mandatory detention." (Doc. 14 at 7.) *Vargas Lopez v. Trump*, 2025 WL 2780351 (D. Neb. Sept. 30, 2025), *Chavez v. Noem*, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025); *Pipa-Aquise v. Bondi*, No. 25-1094, 2025 WL 2490657, at *1 (E.D. Va. Aug. 5, 2025); *Pena v. Hyde*, No. 25-11983, 2025 WL 2108913, at *2 (D. Mass. July 28, 2025). They also point to a recent decision from the Eastern District of California, that concluded an individual who lived in the United States for 26 years was properly subject to § 1225. *Cortes Alonzo v. Noem*, --- F. Supp. 3d ---, No. 25-cv-01519-WBS, 2025 WL 3208284 (E.D. Cal. Nov. 17, 2025). In addition

to the cases cited by Respondents, the Court is aware of a few more reaching the same conclusion. *Valencia v. Chestnut*, 2025 WL 3205133 (E.D. Cal. Nov. 17, 2025); *Alonzo v. Noem*, 2025 WL 3208284 (E.D. Cal. Nov. 17, 2025); *Sandoval v. Acuna*, 2025 WL 3048926 (W.D. La. Oct. 31, 2025); *Rojas v. Olson*, 2025 WL 3033967 (E.D. Wisc. Oct. 30, 2025); *Garibay-Robledo v. Noem*, No. 1:25-CV-177-H, Doc. 9 (N.D. Tex. Oct. 24, 2025). But despite the lack of complete uniformity among the judges who have considered this issue, Respondents' view remains the minority position—in recent weeks since Judge Lanza considered the issue in *Echevarria*, dozens of other courts have reached the same conclusion. *See, e.g., Quinapanta v. Bondi*, 2025 WL 3157867, *6 (W.D. Wisc. 2025) ("[M]ore than 45 district courts have now rejected similar arguments made by respondents here and ordered bond hearings for noncitizens who, like petitioner, were apprehended within the United States years after entering without admission or inspection unless implicated by any criminal activity covered by § 1226(c). These decisions, along with a growing number of others now including this court have concluded that the statutory text, the statute's history, Congressional intent, and § 1226(a)'s application for the past three decades support its application to noncitizens in petitioner's position.") (cleaned up). The Court respectfully declines to revisit the conclusion articulated in its Order to Show Cause. The Petition must be granted.

Accordingly,

**IT IS ORDERED:**

1. Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 12) is **granted**.

2. Respondents **within seven days** must release Petitioner in compliance with the IJ's alternative bond determination setting a $1500 bond "or any other alternatives to detention as designated by the Department of Homeland Security."

3. Respondents must provide a notice of compliance within **three days** of releasing Petitioner.

4. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 24th day of November, 2025.

_____
Honorable John J. Tuchi
United States District Judge